**UNITED STATES of America, Plaintiff,**

v.

**R.E.A.G., et al., Defendants.**

**Civ. No. B–87–24 (TFGD).**

United States District Court,
D. Connecticut.

Aug. 2, 1989.

---

Ruth A. McQuade, New Haven, Conn., Carrick Brooke–Davidson, pro hac vice, Environmental Enforcement Section, U.S. Dept. of Justice, Washington, D.C., Dominick C. Esposito, Jr., Zeldes Needle & Cooper, Bridgeport, Conn., James T. Flaherty, Lawrence H. Adler, O'Connell, Flaherty, Attmore and Forsyth, Hartford, Conn., and Hugh W. Martinez, Office of Reg. Counsel, U.S. Environmental Protection Agency, Boston, Mass., for plaintiff.

James A. Thompson, pro hac vice, James G. Green, Jr., David E. Rosengren, Carol L. Lear, Pepe & Hazard, Hartford, Conn., Peter K. Motti, Branford, Conn., George A. Stella, pro hac vice, Michael T. Stella, Sr., P.C., Lawrence, Mass., Bruce M. Perlman and Robert A. Slavitt, Slavitt, Connery & Vardamis, Norwalk, Conn., for Charles Mantione, gen. partner of R.E.A.G.

Herman P. Taub, Bridgeport, Conn., pro se R.E.A.G.

Andrew P. Nemiroff, Epstein & Fogarty, Stamford, Conn., for John Aulg, gen. partner of R.E.A.G.

## RULING ON PENDING MOTIONS

DALY, District Judge.

The above-captioned matter involves alleged violations of the Federal Clean Air Act arising from the renovation of the Beverly Theatre in Bridgeport, Connecticut and the handling of asbestos therein. Pending are defendant R.E.A.G.'s motion to dismiss plaintiff's complaint and defendant AA Building Wrecking Company, Inc.'s ("AA") motion for summary judgment on defendant R.E.A.G.'s cross-claim.

## DISCUSSION

I. *Motion to Dismiss*

■ Defendant R.E.A.G. contends that the complaint must be dismissed because the United States cannot sue on its own behalf to enforce the provisions of the Clean Air Act. Instead, it maintains that only the Administrator of the Environmental Protection Agency is the proper plaintiff to bring such actions.

Section 113(b) of the Clean Air Act provides that:

> The Administrator shall, in the case of any person which is the owner of or operator of a major stationary source, and may, in the case of any other person, commence a civil action for a permanent or temporary injunction, or to assess and recover a civil penalty of not more than $25,000 per day of violation, or both, whenever such person [violates certain provisions of the Clean Air Act].

42 U.S.C. § 7413(b). In addition, § 305 of the Clean Air Act states that:

> The Administrator shall request the Attorney General to appear and represent him in any civil action instituted under this chapter to which the Administrator is a party....
>
> In the event the Attorney General agrees to appear and represent the Administrator in any such action, such rep-

resentation shall be conducted in accordance with, and shall include participation by, attorneys appointed by the Administrator to the extent authorized by, [sic] the memorandum of understanding between the Department of Justice and the Environmental Protection Agency, dated June 13, 1977, respecting representation of the agency by the department in civil litigation.

42 U.S.C. § 7605.

Although acknowledging that the United States alleges that it is acting at the request of the Administrator in bringing this action, defendant R.E.A.G. argues that the simple and plain meaning of this statutory language is that only the Administrator, in his own name, can bring civil actions such as the instant one. Courts have not been unified in their interpretation of this language. *Compare United States v. Associated Electric Co-op., Inc.*, 503 F.Supp. 92, 93–94 (D.Mo.1980) (holding that that the Administrator had the exclusive authority to sue for the enforcement of the Clean Air Act) *with United States v. Zimmer Paper Products, Inc.*, No. IP 88–194–C, slip op., —— F.Supp. —— (S.D.Ind. Feb. 27, 1989) (attached to plaintiff's statement of supplemental authority) (holding that the United states was the real party in interest and the Administrator was not granted exclusive authority under § 113(b)). However, the legislative history reflects that Congress explicitly rejected an amendment specifically providing for a grant of exclusive authority to the Administrator in favor of the cooperative approach set forth in § 305. *See* H.R.Rep. No. 95–294, 95th Cong., 1st Sess., *reprinted in* 1977 U.S.Code Cong. & Ad.News 1077, 1411–14; H.R.Conf.Rep. No. 95–564, 95th Cong., 1st Sess., *reprinted in* 1977 U.S.Code Cong. & Ad.News 1554–57. Furthermore, there can be little doubt that the real party in interest is the United States, and not the Administrator. *See* Fed.R.Civ.P. 17(a). The Clean Air Act authorizes, and in some circumstances commands, the Administrator to bring a civil action on behalf of the interests of the United States. Absent an express provision providing exclusive authority in the Administrator, the Clean Air Act cannot be read to limit the power of the United States, the real party in interest, to commence an action as plaintiff and at the request of the Administrator to enforce the provisions of the Act.

II. *Motion for Summary Judgment*

Defendant AA seeks summary judgment in its favor on defendant R.E.A.G.'s cross-claim for indemnification. The only objection raised to this motion is by Charles Mantione, a general partner of R.E.A.G. who is represented by separate counsel. Defendant AA contends that there is no basis, contractual or otherwise, for its alleged indemnification of R.E.A.G. Mantione's only point of contention appears to be that the affidavit of Thomas Keiser made in support of the summary judgment motion cannot be given weight. The Keiser affidavit discusses the nature of an oral contract which Keiser contends existed between AA and R.E.A.G. and which included no provision for indemnification. Mantione argues that R.E.A.G. did not exist at the time that this oral contract was alleged to have been entered into and that therefore the accuracy of the rest of the affidavit is placed into serious doubt. Mantione completely fails, however, to place into contention a single material fact that would support R.E.A.G.'s claim for indemnification. *See* Fed.R.Civ.P. 56(e). The existence of a factual dispute about whether the oral contract was made between AA and R.E.A.G. or between AA and some precursor of R.E.A.G. or a certain individual or individuals that later became the general partners of R.E.A.G. does not on its own transform the cross-claim for indemnification into a triable issue.

CONCLUSION

Defendant R.E.A.G.'s motion to dismiss plaintiff's complaint is DENIED. Defendant AA's motion for summary judgment on defendant R.E.A.G.'s cross-claim is GRANTED.

SO ORDERED.